UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM J HUGHES,　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)  Case No.: 3:01 CV 2325 (DJS)
CITY OF STAMFORD　　　　　　　　　)
　　　　Defendant　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)  June 10, 2004
　　　　　　　　　　　　　　　　　　)

JOINT TRIAL MEMORANDUM

I.　Trial Counsel

　　For plaintiff:　　　　　　　　　　　For defendant

　　　Charles G. Parks, Jr.　　　　　　　James V. Minor CT 06713
　　　Parks & Associates　　　　　　　　Assistant Corporation Counsel
　　　160 Forest Street　　　　　　　　　888 Washington Blvd
　　　Stamford CT 06901　　　　　　　　PO Box 10152
　　　(203) 359 3860　　　　　　　　　　Stamford, CT 06904
　　　(203) 323 7398 fax　　　　　　　　(203) 977 4087 fax 977-5560
　　　CT 16784　　　　　　　　　　　　jminor@ci.stamford.ct.us
　　　Cparksjr@aol.com

II.　**JURISDICTION**

　　A.　Subject matter Jurisdiction:

　　　Jurisdiction is specifically conferred on the Court by Title VII of the Civil

　　　Rights Act of 1964, as amended, 42 U.S.C. §§2000e, et seq., for

　　　employment discrimination on the basis of race, color, religion, sex, or

national origin. Jurisdiction is specifically conferred on this Court by 42 U.S.C. §§ 2000e-5(f). Equitable and other relief is sought under 42 U.S.C. §§ 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

    B.    Personal Jurisdiction:

Plaintiff, William J. Huges is and has been for all relevant time a resident of the State of Connecticut.

Defendant, City of Stamford, is a duly chartered manicipality within the State of Connecticut.

## III.   JURY/NON-JURY TRIAL

The Plaintiff has requested a Jury Trial.

## IV.   LENGTH OF TRIAL

Trial is expected to last 2 to 3 days.

## V.   FURTHER PROCEEDINGS

The parties do not anticipate the need for further proceedings

## VI.   NATURE OF THE CASE

<u>Plaintiff's Statement Of Nature Of Case</u>

The plaintiff, William Hughes, was employed by the City of Stamford Fire Department from 1983 until his termination in August of 2002. In 1990, Hughes passed the Deputy Fire Marshal service examine and was promoted to a Deputy Fire

Marshal. During Hughes services as Fire Marshal, he has been continuesly subjected to of non-performance some of which predate this action and were the subject of prior favorable labor action. On or about May 12th of 2000, Hughes was informed of additional disciplinary charge, alleging non-performance of inspection duties,. The new charges dated by a number of years and were to be the subject of a disciplinary hearing which was to occur within one month, June 14, 2000.

The plaintiff asserts that the Chief Fire Marshal, deliberately accummilated the allegation of mal-feasence of sufficient complexity and established a hearing date which was insufficient for the plaintiff to demenstrate the unjustifiable and/or falsity of the allegation. The Chief Fire Marshals action were undertaken with the intent of effecutating an unjust termination based in whole or in part on the race of the plaintiff. As a result of the Chief Fire Marshals actions, on or about June of 2000, and in light of the severty of the accuation, upon Hughes was caused to accept demotion from Deputy Fire Marshel to the position of Fire Fighter under a "Last Change Agreement" As a further consequent, the plaintiff was terminated argurably violating the terms of the Last Change Agreement.

### Defendant's Statement Of The Nature Of The Case

The defendant was suspended twice. The first time he was suspended on 11/17/98 for 2 days, for being tardy on 3 days. The second time he was suspended on 10/1/99 for 5 days, for being tardy twice, and locking inspection records in desk and failing to answer telephone calls despite the requirement that he be available

even when he was off-duty. The Plaintiff withdrew his grievance and accepted this five day suspension, and also accepted loss of 8 days for abuse of bereavement leave, in June 2000. He also agreed to demotion from Deputy Fire Marshal to a firefighter and to two years probation in a "Last Chance Agreement" dated June 14, 2000.

The plaintiff claims that he was coerced into signing this "Last Chance Agreement" on June 14, 2000 because of the multiplicity of "exaggerated and false" charges filed againt him by his two superiors, Assistant Fire Marshal Charles Spaulding and Fire Marshal Barry Callahan.

The City argues that the May 2000 charges were not false and exagerrated. Specifically, the City claims as follows:

- prior to the June 14, 2000 hearing of the Fire Commission, plaintiff and his union representatives had all of the paperwork constituting the May 2000 charges, to wit: a binder filled with pages A-1 to A-209;
- plaintiff and his counsel and union representatives had ample opportunity to examine the binder and the charges contained in the memos and back-up material.
- plaintiff had ample opportunity to argue if these charges were 'false and exaggerated" before a panel consisiting of neutral, unpaid Fire Commissioners who were unbiased and who could have determined if

the charges were in fact serious and based upon fact, or "false and exaggerated".

- plaintiff chose, with advice of counsel and from the union, to not contest the charges and to sign the "Last Chance Agreement" on June 14, 2000;

- plaintiff later admitted at a hearing before a neutral arbitrator, Roberta Golick, Esq, who was picked by the City and plaintiff's union to arbitrate his union grieveance, that he knew what he was signing when he signed the Last Chance Agreement (Transcript of Arbitration hearing, p.54) and that he signed it because there was a "high risk" of termination that he would lost his job if he didn't sign it (Tr. p. 56).

- The binder which was given to plaintiff amply demonstrates by back-up material that plaintiff was negligent or deficient in performance of his duties.

**TRIAL BY MAGISTRATE JUDGE**

The Defendant agrees to trial by a magistrate judge with or without a jury.

The Plaintiff agrees to trail by a magistrate judge with jury.

## LIST OF WITNESSES

Plaintiff's witness:

Capt. Daniel Hunsburger, who was the union representative at the time of the June 2000 hearing. Mr. Hunsburger will testify as to the circumstances surrounding the June 2000 hearing.

Defendant's witnesses:

1. Barry Callahan, who as Fire Marshal will testify about the matters contained in his affidavit, dated April 13, 2004 in support of the Supplemental Motion for Summary Judgment.

2. Charles Spaulding, Ass't Fire Marshal, will testify about the matters contained in his affidavit dated April 21, 2004 in support of the Supplemental Motion for Summary Judgment.

3. Chief Robert McGrath will testify about the matters contained in his affidavit dated January 14, 2003 in support of the Motion for Summary Judgment, as well as the matters that are in the Binder prepared by Barry Callahan given to plaintiff in support of the May 2000 charges, as well as the hearing on June 14, 2000, the meeting where he was involved in the Last Chance Agreement, and those matters where he has personal knowledge of the incidents.

4. Felicia Wirzbicki, Human Relations Analyst, will testify about the matters contained in her affidavit dated January 2003, as well as the pay and pension benefits given to the Plaintiff.

5. Former Fire Chief Milone will testify about his role in the discipline of Plaintiff in 1998 and 1999.

6. Cpt Hunsberger will testify about the matters he testified in the arbitration hearing, as well as his role as the plaintiff's commander when plaintiff was AWOL in 2001.

**EXHIBITS**

Defendant's exhibits

1. Memo of Decision granting partial summary judgment dated March 29, 2004. pgs 1 through 18).

2. Ex. N to 1/16/03 Motioin for Summary Judgement, CHRO complaint

3. Ex. O to 1/16/03 MSJ, EEOC complaint

4. Ex. Q to 1/16/03 MSJ, letter dated May 29, 2001, 2 pgs, with "Finding of No Reasonable Cause" by Investigator Gaynor, 8 pgs

5. Transcript of Arbitration Hearing on 11/15/02.

6. The Award in Case #12 390 54 02, by Roberta Golick, Esq, 9 pages, dated February 8, 2003.

7. The binder given to Plaintiff and h is counsel in May 2000 supporting the charges giving rise to the hearing before the Fire Commission on June 14, 2000.

8. The Last chance Agreement dated June 14, 2000.

9. Pay records and agreement concerning the plaintiff's pension from the City of Stamford,to include the 10/21/03 agreement signed by Labor Negotiator William

Stover with plaintiff's union, which plaintiff signed on 11/5/03, allowing plaintiff to draw a pension effective 9/12/03, amounting to $2,229.89 a month.

    10. City's Response to CHRO with attached documents

**UNDISPUTED FACTS**

    1.    William Hughes began his employment with the City of Stamford fire Department in 1983 as a firefighter.

    2.    In 1990, Hughes passed the test for Deputy Fire Marshall

    3.    On May 12th of 2000, Hughes was informed of a disciplinary charge, alleging non-performance of inspection duties and other problems. The disciplinary hearing before the Fire Commission was scheduled for June 14, 2000.

**CONTESTED ISSUES OF FACT AND LAW**

    Plaintiff's Statement of Contested Issues of Fact and Law:

    The Plaintiff contents that the allegation of mal-faience in the performance are contested issues of fact. Particularly, the Plaintiff contends that he performed all of the duties required of a Deputy Fire Marshall within the confines of his authority and in accordance with the usually and customary practices of the Fire Department. Hence the charges presented against him in May of 2000 were false and exaggerated and presented in such a manner as to substantially inhibit the plaintiff for adequately address the charges. Further that the real motive for the actions of the Chief Fire Marshall was to get Plaintiff discharged in-whole or in-part because of his race, African American.

### Defendant's Statement of Contested Issues of Fact and Law

Plaintiff will be required to prove that the May 2000 charges contained in the binder were "false and exaggerated" and his decision to sign the Last Chance Agreement in June 2000 was based upon coercion. Defendant will be required to prove that the May 2000 charges were factual, and not false or exaggerated; that Plaintiff's decision to sign the Last Chance Agreement was voluntary, negotiated with the assistance of his own personal counsel and the assistance of the union's representatives and his demotion in June 2000 was the direct result of his having entered into an agreement with the defendant.

## VOIR DIRE QUESTIONS

- Are you, or are you related to, or a close personal friend, of a municipal official, such as a Fire marshal or a firefighter?
- Are you, or is any relation or close friend, a person who has made a claim against a City for discrimination or other problem?
- Have you, or any close friend or relative, ever been suspended, fired or demoted?
- Have you, or any close friend or relative, ever filed a union grievance?

## PROPOSED JURY INSTRUCTIONS

### Plaintiff's Proposed Jury Instructions

It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

> Title VII of the Civil Rights Act of 1964, as amended, § 703(a)(1), 42 U.S.C. § 2000e-2(a)(1) (1997).

In order for the plaintiff to show an unlawful employment practice, the plaintiff may prove that his termination was "because of" his race by showing that his race played a motivating role in, or contributed to, the employer's decision.
Plaintiff may prove that his race was a motivating factor through presentation of either "direct" or "circumstantial" evidence.

> *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Proof of discriminatory intent is critical in this case. Discrimination is intentional if it is done voluntarily, deliberately, and willfully. Discriminatory intent may be proved either by direct evidence, such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional discrimination in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. In order to prevail on his claim, Plaintiff must show that he was qualified for the position Deputy Fire Marshal, that he performed the duties of Deputy Fire

Marshal to the usual and custumary standards of other Deputy Fire Marshal's within the Stamford Fire Department, and that his race was a motivating factor in the decision to subject the Plaintiff to disciplinary action in May 2000.  Remember that Plaintiff must show only that race was a motivating factor in Defendant's decision to subject the Plaintiff to the disciplinary hearing in May of 2000.  He does not have to show that it was the only or even a major factor in Defendant's decision. If Defendant has offered a non-discriminatory reason or reasons for its decision to subject to disciplinary action in May of 2000 leading to termination in August of 2002 and you believe that reason or reasons, then your verdict should be for Defendant. If, however, you do not believe that this reason or reasons were the real reason or reasons for subjecting the plaintiff to the disciplinary hearing in May of 2002, you may find that Plaintiff has proven his claim of intentional employment discrimination, particularly if you believe that Defendant's representatives did not put forth honestly the reason or reasons for their decision.

> *Standing Orders, Jury Instructions - Title VII Discrimination,* Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

A showing that the Defendant's representations put forth were not honestly the reason for their decision is referred to a pretext.  Pretext may be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in Defendant's proffered reasons for its actions that a reasonable person could

rationally find them unworthy of credence and hence infer that Defendant did not act for the asserted non-discriminatory reasons.

>  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of Plaintiff on his claim against Defendant. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide. If you find for Plaintiff on his claim that Defendant discriminated against him because of his race, then you must determine whether he/she is entitled to damages in an amount that is fair compensation. You may award compensatory damages only for injuries that Plaintiff proved were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by Defendant's discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of

damage. Any award you make should be fair in light of the evidence produced at trial. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his/her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. You may not consider the amount of lost wages or other benefits, if any, claimed by Plaintiff in this case. Likewise, you may not consider the cost to Plaintiff of hiring an attorney. Those attorneys' fees and lost wages are determined by the court, if necessary, and may not be included in your damages award.

> *Standing Orders, Jury Instructions - Title VII Discrimination,* Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

If you find that Defendant engaged in intentional discrimination against Plaintiff, backpay liability under Title VII begins no earlier than two years before Plaintiff filed his charge with the Equal Employment Opportunity Commission.

> Title VII of the Civil Rights Act of 1964, as amended, § 706(g)(1), 42 U.S.C. § 2000e-5(g)(1) (1998); *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1528 (11th Cir. 1991).

If you find that Defendant has intentionally engaged in or is intentionally engaging in an unlawful employment practice under Title VII, you may award backpay, payable by the employer responsible for the unlawful employment practice.

In addition, if you find intentional discrimination by Defendant, you may award compensatory and punitive damages to Plaintiff.

> Title VII of the Civil Rights Act of 1964, as amended, § 706(g)(1), 42 U.S.C. § 2000e-5(g)(1) (1998); Civil Rights Act of 1991, § 1977A, 42 U.S.C. § 1981a (1998).

### Defendant's Request For Instructions

The Defendant City of Stamford requests the standard charges on burden of proof, types of evidence, etc. but request the following charges that apply to this case. Defendants reserve the right to supplement this Request to Charge depending upon what occurs at trial.

1. If you find that plaintiff signed the Last Chance Agreement voluntarily, with advice of counsel, and he was not coerced, then you must find for the defendant.

2. If you find that defendant has proved that the May 2000 charges were not false or exaggerated, and that they were based in fact, then you must find for the defendant.

3. If you find that the plaintiff has not proved that either the Fire Marshal or the Assistant Fire Marshal presented the May 2000 charges against the Plaintiff

because of discrimination, then you must find for the defendant City of Stamford.

4. If you find that the plaintiff is entitled to a verdict in accordance with these instructions, but do not find that the plaintiff has sustained actual damages, then you may return a verdict for the plaintiff in some nominal sum such as one dollar. 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, 985.18 (modified).

5. Should you find that any of the plaintiff is entitled to recovery and an award of damages, you are instructed that as a matter of law, plaintiff may recover only once for the violation of his constitutional rights. Plaintiff has a remedy in the form of damages for actual injuries suffered by reason of a violation of a plaintiff's civil rights, it follows that damages for those same injuries cannot be the basis for a second award under a different theory of law. <u>Virgo v Lyons</u> 209 Conn. 497 (1988).

6. The plaintiff is not entitled to recover punitive damages against the defendant. 42 U.S.C. Sec. 1981a(b)(1); *Newport v. Facts Concert, Inc.*, 453 US 347, 101 S.Ct. 2748, 69 L.Ed.2d 616, 634-35 (1981).

7. The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a

preponderance of the evidence in the case in accordance with other instructions.

3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instruction</u>, @74.02 (modified).

**ANTICIPATED EVIDENTIARY PROBLEMS**

The plaintiff anticipates an evidentiary problem with respect to all of the defendant exhibits on the bases of hearsay and/or relevance evidentary bases.

Plaintiff
By _____     Date: <u>June 11, 2004</u>
Charles G. Parks, Jr.

Defendant
By _____     Date: <u>June 10, 2004</u>
James V. Minor #CT06713
Assistant Corporation Counsel
888 Washington Boulevard, Box 10152
Stamford, CT 06904-2152
(203) 977-4087 fax 203-977-5560