AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

DISTRICT OF __CT__

Hughes v. Stamford

Defendant's ~~EXHIBIT AND~~ WITNESS LIST

CASE NUMBER: 3:01CV2325(DFM)

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| D.F. Martinez | C. Parks | J. Minor |
| **TRIAL DATE(S)** | **COURT REPORTER** | **COURTROOM DEPUTY** |
| 12/1/04, 12/2/04, 12/3/04 | S. Bowles | R.K. Wood |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
|  |  | 12/2/04 |  |  | W1 - Chief Barry Callahan, Stamford, CT. |
|  |  | 12/3/04 |  |  | W1 - Barry Callahan, Stamford, CT. |
|  |  | " |  |  | W2 - Charles Spaulding, Stamford, CT. |
|  |  | " |  |  | W3 - Chief Robert McGrath, Stamford, CT. |

FILED 2004 DEC -3 P 3:06 U.S. DISTRICT COURT HARTFORD, CT.

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of ___ Pages

# United States District Court

DISTRICT OF **CT**

Hughes
v.
Stamford

Defendants
**EXHIBIT AND WITNESS LIST**

CASE NUMBER: 3:01cv2325 (DFM)

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| O.F. Martinez | C. Parks | J. Minor |
| **TRIAL DATE(S)** | **COURT REPORTER** | **COURTROOM DEPUTY** |
| 12/1/04, 12/2/04, 12/3/04 | S. Bowes | R.K. Wood |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | * See Attached List * |

FILED 2004 DEC -3 P 5:06 U.S. DISTRICT COURT HARTFORD, CT

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of ____ Pages

## EXHIBITS

### Plaintiff exhibits

Plaintiff's Federal Income Tax Returns show damages

Plaintiff does not intend to introduce any other document as part of its case in chief.

### Defendant's exhibits with Plaintiff's Objections and Defendant's Responses

**Def. Ex. 1**. Letter by Chief Milone to Plaintiff dated 11/17/98 ordering a two-day suspension without pay for being tardy on October 5, 1998 ("traffic, arrived @ 0820 hours") and October 6, 1998 ("overslept, arrived @ 0830 hours"), and since Plaintiff was absent without leave on October 21, 1998 ("called on sick leave @ 0808 hours").

**Objection** on the basis of Hearsay pursuant to Fed.R.Evid 802 to the extent that the document is offered to prove the truth of matters asserted therein and inadmissible opinion and relevance pursuant to Rule 401 and 602 also as unduely prejudicial pursuant to Rule 403.

**Defendant's Response**- The letter is relevant on the grounds that it is a business record supporting the discipline of plaintiff for tardiness and being AWOL. The trial court's memorandum granting partial summary judgment dated 3/29/04 states that "Although <u>the Department's position that it terminated Hughes because of tardiness and absence issues is adequately and consistently set forth in the record</u>, the court cannot evaluate Hughes' arguments in favor of a finding of pretext regarding the

substance of the charges brought against him because this information is not in the record..." (emphasis added; pages 14-15). It is relevant to refute plaintiff's claim that his demotion and termination were based upon false charges of non-performance and racial discrimination. It is relevant to explain why the plaintiff voluntarily signed the Last Chance Agreement in June 2000 withdrawing his grievance of the five day suspension and accepting demotion to firefighter.

**Def Ex. 2**- Letter dated October 1, 1999 from Chief Milone to plaintiff ordering a five-day suspension without pay after having determined that plaintiff locked inspection reports in his desk and left work, in violation of standard operating procedures, and after plaintiff did not return phone calls and pages to his residence even though he was aware it was the Fire Marshal's Office calling.

**Objection** on the basis of Hearsay pursuant to Fed.R.Evid 802 to the extent that the document is offered to prove the truth of matters asserted therein and inadmissible opinion and relevance pursuant to Rule 401 and 602 also as unduely prejudicial pursuant to Rule 403.

**Defendant's Response**- The letter is relevant on the grounds that it is a business record supporting the discipline of plaintiff for insubordination, which is what he agreed to the in the Last Chance Agreement dated June 14, 2000. It is relevant to refute plaintiff's claim that his demotion and termination were based upon false charges of non-performance and racial discrimination.

**Def's Ex. 3-** Memo from DC Conroy to Chief McGrath dated 11/1/01 concerning plaintiff being AWOL from duty and failing to respond to phone calls to determine his status.

**Objection** on the basis of Hearsay pursuant to Fed.R.Evid 802 to the extent that the document is offered to prove the truth of matters asserted therein and inadmissible opinion and relevance pursuant to Rule 401 and 602 also as unduely prejudicial pursuant to Rule 403.

**Defendant's Response-** The letter is relevant on the grounds that it is a business record supporting the termination of plaintiff for being AWOL, a repetition of prior AWOL in 1998, and a violaton of plaintiff's probation he agreed to in the Last Chance Agreement. The trial court's memorandum granting partial summary judgment states that "Although the Department's position that it terminated Hughes because of tardiness and absence issues is adequately and consistently set forth in the record, the court cannot evaluate Hughes' arguments in favor of a finding of pretext regarding the substance of the charges brought against him because this information is not in the record..." pages 14-15. It is relevant to refute plaintiff's claim that his termination was based upon false and exagerated charges of non-performance and racial discrimination.

**Def. Ex. 4** Letter dated May 29, 2001, 2 pgs, with "Finding of No Reasonable Cause" by Investigator Gaynor, 8 pgs, dismissing Plaintiff's CHRO complaint which

alleges that his demotion pursuant to the Last Chance Agreement was racially motivated.

**Objection** on the basis of Hearsay pursuant to Fed.R.Evid 802 to the extent that the document is offered to prove the truth of matters asserted therein and inadmissible opinion and relevance pursuant to Rule 401 and 602 also as unduely prejudicial pursuant to Rule 403.

**Response-** The arbitrator's decision, rendered after a hearing and consideration of the evidence, is binding upon the plaintiff since it determines that the cause of his demotion pursuant to the Last Chance Agreement was his own decision to sign the agreement, that it was voluntary, and it was based upon advice of his union representative and his private counsel. See the decision, p. 7, which states that plaintiff's demotion in June 2000 was "voluntary, negotiated with the assistance of his own personal counsel and the assistance of the union's representatives" and "was the direct result of his having entered into an agreement with the respondent."

This is binding upon the plaintiff. It also supports the second Special Defense of administrative collateral estoppel in Plaintiff's answer dated March 2002. <u>Corey v. Avco-Lycoming Division</u>, 163 Conn. 309, 307 A.2d 165 (1972), cert. denied, <u>409 U.S. 1116, 93 S.Ct. 903, 34 L.Ed.2d 699 (1973)</u> (arbitrator's decision that employer had not discriminated against employee because of her religion precluded employee

from relitigating that issue in administrative proceedings under state Fair Employment Practices Act); <u>Rotert v. Jefferson Federal Savings & Loan Association</u>, 623 F.Supp. 1114, 1118 (D.Conn. 1985) (Former employee, sued employer alleging wrongful discharge from employment in violation of ADEA and state law; arbitrator's decision, made a state superior court decision, affirming denial of unemployment compensation benefits because she voluntarily quit, precludes claim under federal act both on the theory of constructive discharge and discriminatory transfer).

12/3/04 ID Full -RKW **Def's Ex. 5-** Letter dated 11/15/01 from Chief McGrath to plaintiff terminating him for violation of the Last Chance Agreement by being AWOL (absent without leave for failure to appear) for his assigned shift on 11/10/01.

**Objection** on the basis of Hearsay pursuant to Fed.R.Evid 802 to the extent that the document is offered to prove the truth of matters asserted therein and inadmissible opinion and relevance pursuant to Rule 401 and 602 also as unduely prejudicial pursuant to Rule 403.

**Response-** The letter is relevant on the grounds that it is a business record supporting the termination of plaintiff for being AWOL, a repetition of prior AWOL in 1998, and a violaton of plaintiff's two year probation he agreed to in the Last Chance Agreement. It is relevant to refute plaintiff's claim that his termination was based upon false and exagerated charges of non-performance and racial discrimination.

**Def's Ex. 6-** . Arbitration Award by Roberta Golick, Esq, 9 pages, dated 2/8/03

**Objection** on the basis of Hearsay pursuant to Fed.R.Evid 802 to the extent that the document is offered to prove the truth of matters asserted therein and inadmissible opinion and relevance pursuant to Rule 401 and 602 also as unduely prejudicial pursuant to Rule 403.

**Defendant's Response-** The arbitrator's decision, rendered after a hearing and consideration of the evidence, is binding upon the plaintiff since it determines that the cause of his demotion pursuant to the Last Chance Agreement and his termination for violation of the Last Chance Agreement by his failure to appeara for duty and respond to phone calls until after his shift was over.

This is binding upon the plaintiff. It is administrative collateral estoppel. <u>Corey v. Avco-Lycoming Division</u>, 163 Conn. 309, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S.Ct. 903, 34 L.Ed.2d 699 (1973) (arbitrator's decision that employer had not discriminated against employee because of her religion precluded employee from relitigating that issue in administrative proceedings under state Fair Employment Practices Act); <u>Rotert v. Jefferson Federal Savings & Loan Association</u>, 623 F.Supp. 1114, 1118 (D.Conn. 1985) (Former employee, sued employer alleging wrongful discharge from employment in violation of ADEA and state law; arbitrator's decision, made a state superior court decision, affirming denial of unemployment

compensation benefits because she voluntarily quit, precludes claim under federal act both on the theory of constructive discharge and discriminatory transfer).

**Def's Ex. 7**- The binder given to Plaintiff and his counsel on May 12, 2000 supporting the charges giving rise to the hearing before the Fire Commission on June 14, 2000.

**Objection** on the basis of Hearsay pursuant to Fed.R.Evid 802 to the extent that the document is offered to prove the truth of matters asserted therein and inadmissible opinion and relevance pursuant to Rule 401 and 602 also as unduely prejudicial pursuant to Rule 403.

**Defendant's Response**- The binder is relevant on the grounds that it contains the charges of Chief Fire Marshal Callahan and Ass't Chief Fire Marshal Spaulding, with the business records supporting the charges of insubordination, misfeasance and nonfeasance in the performance of plaintiff's duties as a fire marshal. It is relevant since plaintiff alleges these charges in his complaint are false, par. 13 to 22, pages 2-5. It is relevant to show the charges are **not** false and they are supported by business records that prove the charges- such as the written policies that plaintiff violated, property inspection logs, portions of building code or fire codes, plaintiff's violation orders, plaintiff's handwritten inspection logs, plaintiff's daily activity logs, plaintiff's computer entries for inspections that he performed, orders that were given plaintiff, prior discipline in June 1999 for failure to obey policies, and so on. Attached hereto is the affidavit of

Barry Callahan submitted as part of the Supplemental Motion for Summary Judgment dated April 13, 2004 that state in detail the business records that support the charges against plaintiff. It is relevant since plaintiff agreed in Ex. 2, with advice of his union and private counsel, to amend the charges that he agreed to accept punishment for, that he was charged with insubordination.

Also, the binder is relevant for the proof that plaintiff was insubordinate since they contain business records of orders to him by his superiors that he did not obey.

12/1/04 – Full ..new **Def. Ex. 8**. The Last Chance Agreement dated June 14, 2000.

**Objection** on the basis of Hearsay pursuant to Fed.R.Evid 802 to the extent that the document is offered to prove the truth of matters asserted therein and inadmissible opinion and relevance pursuant to Rule 401 and 602 also as unduely prejudicial pursuant to Rule 403.

**Defendant's response**- Plaintiff's complaint alleges that this 2 page, Last Chance Agreement that plaintiff signed, to withdraw his pending grrievance, was "coerced"- see his complaint, par. 22. This agreement is relevant since it shows that Plaintiff agreed to the withdrawal of his grievance of the five day suspension for being late or AWOL; that he agreed to accept additional punishment for abuse of bereavement leave in June 2000; and, that he agreed to the addition of charges of insubordination from the May 2000 binder of charges and to accept a demotion from fire marshal to firefighter. This agreement is relevant since plaintiff's agreement was based upon having

over four weeks (from May 12 to June 14, 2000) to examine the charges; his union representative and private counsel advised him to accept the "plea bargain"; the agreement was drafted in part by his union representative, and it was signed by plaintiff. No racial motivation can reasonably be ascribed to defendant's adherence to an agreement which the plaintiff signed. <u>This agreement is the basis for the first special defense of accord and satisfaction in Defendant's Answer and Special Defenses dated March 4, 2002</u>.

12/1/04- Full + RKW **Def. Ex. 9** Pay records and agreement concerning the plaintiff's pension from the City of Stamford, to include the 10/21/03 agreement signed by Labor Negotiator William Stover with plaintiff's union, which plaintiff signed on 11/5/03, allowing plaintiff to draw a pension effective 9/12/03, amounting to $2,229.89 a month.

    No Objection

## DEPOSITION TESTIMONY

    The Plaintiff does not intend to introduce any deposition testimony.

## JOINT OPENING STATEMENT

    The Plaintiff in the matter before you is William Hughes. He has alleged discrimination and retaliation on the part of the Defendant, City of Stamford. Mr. Hughes, was employed by the City of Stamford's Fire Department from 1983 until his termination in August of 2002. Since 1990, Hughes has served in the capacity of a Deputy Fire Marshall.