AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

DISTRICT OF _CT_

**EXHIBIT AND WITNESS LIST**

_Hughes_
v.
_Stamfold_

CASE NUMBER: _3:01CU2325 (DFM)_

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| D.F. Martinel | C. Parks | J. minor |
| **TRIAL DATE(S)** 12/1/04 12/2/04 12/3/04 | **COURT REPORTER** S. Bowle | **COURTROOM DEPUTY** R.K. wood |

| Cart PLF NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| 1 | | 12/3/04 | | ✓ | Index to Jury charge |
| 2 | | 11 | | ✓ | Jury verdict form |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | United States District Court |
| | | | | | District of Connecticut |
| | | | | | FILED AT HARTFORD |
| | | | | | December 3, 2004 |
| | | | | | Kevin F. Rowe, Clerk |
| | | | | | By |
| | | | | | Deputy Clerk |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size

COURT'S
EXHIBIT
1
3:03CU2325(DFM)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM J. HUGHES,                  :
                                    :
        Plaintiff,                  :
                                    :
        v.                          :        CASE NO. 3:01CV2325(DFM)
                                    :
CITY OF STAMFORD,                   :
                                    :
        Defendant.                  :

## INDEX TO JURY CHARGE

**A.    GENERAL INSTRUCTIONS**

COURT'S INSTRUCTIONS TO THE JURY . . . . . . . . . . . 3

ROLE OF THE JURY . . . . . . . . . . . . . . . . . . . 4

CONDUCT OF COUNSEL . . . . . . . . . . . . . . . . . . 5

BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE  . . . . . 6

WHAT IS AND IS NOT EVIDENCE . . . . . . . . . . . . . . 8

WITNESS CREDIBILITY - GENERAL  . . . . . . . . . . . . 9

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT  . . . . . . 11

THE PLAINTIFF'S CLAIMS AND THE DEFENDANTS' DEFENSES  . . 12

**B.    PLAINTIFF'S RACE DISCRIMINATION CLAIM**

THE PLAINTIFF'S RACE DISCRIMINATION CLAIM  . . . . . . 13

MOTIVATING FACTOR . . . . . . . . . . . . . . . . . . 15

LEGITIMATE, NON-DISCRIMINATORY REASON FOR EMPLOYMENT
DECISION . . . . . . . . . . . . . . . . . . . . . . . 16

PRETEXT. . . . . . . . . . . . . . . . . . . . . . . . 17

MIXED MOTIVE . . . . . . . . . . . . . . . . . . . . . 18

C.    **PLAINTIFF'S RETALIATION CLAIM**

ELEMENTS OF PLAINTIFF'S RETALIATION CLAIM  . . . . . . .  19

D.    **DAMAGES**

ACTUAL OR COMPENSATORY DAMAGES . . . . . . . . . . . .  21

NOMINAL DAMAGES  . . . . . . . . . . . . . . . . . . .  23

DOUBLE RECOVERY. . . . . . . . . . . . . . . . . . . .  24

E.    **CONCLUSION**

NOTE TAKING  . . . . . . . . . . . . . . . . . . . . .  25

CONCLUSION . . . . . . . . . . . . . . . . . . . . . .  26

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury, you have heard all of the evidence in
the case and the final arguments of counsel.  My duty at this
point is to instruct you as to the law.  It is your duty to
carefully and impartially consider all of the evidence, apply the
law as I shall instruct you, and reach a just verdict.

You must accept and apply the law as I instruct you.  If any
attorney or any witness or exhibit has stated a legal principle
different from any that I state to you in my instructions, it is
my instructions that you must follow.

Regardless of any opinion you may have as to what the law is
or ought to be, it would be a violation of your sworn duty to
base a verdict upon any view of the law other than the
instructions of the court.

The instructions as a whole constitute the law of this case
and must be applied as a whole; you should not single out any one
instruction.

Adapted from 4 L. Sand et al., Modern Federal Jury Instructions,
Instruction 71-2 (2001).

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You determine the credibility of the witnesses. You resolve any conflicts that there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In deciding the facts, you must not be swayed by bias or prejudice for or against any party. You are also not to be swayed by sympathy. You should be guided solely by the evidence presented during trial.

Adapted from 4 L. Sand et al., Modern Federal Jury Instructions, Instruction 71-3 (2001).

**CONDUCT OF COUNSEL**

During the course of a trial, it is the duty of an attorney to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to request conferences out of the hearing of the jury.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence or asked for a conference.

Adapted from 4 L. Sand et al., Modern Federal Jury Instructions, Instruction 71-6 (2001).

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

As this is a civil case, the party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. The party bearing the burden of proof must prove more than simple equality of evidence. If you find that the credible evidence on a given issue is evenly divided between the parties, then you must decide that issue against the party who has the burden of proof.

Conversely, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with the burden of proof, then that element will have been proved by a preponderance of the evidence.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and

6

you should put it out of your mind.

Adapted from 4 L. Sand et al., Modern Federal Jury Instructions, Instruction 73-2 (2001).

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses and the exhibits that are in evidence.

What the lawyers have said in their questions or in their objections is not evidence. It is the witnesses' answers that are evidence. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken is not evidence and may not be considered by you in rendering your verdict.

What the lawyers have said to you in their closing arguments is not evidence. Those summations were intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

What I may have said during the trial or what I may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

Adapted from 4 L. Sand et al., Modern Federal Jury Instructions, Instruction 74-1 (2001).

8

## WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor - that is, their carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day life. You should consider any bias or hostility the witness may

9

have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment and your own life experience.

Adapted from 4 L. Sand et al., Modern Federal Jury Instructions, Instruction 76-1 (2001).

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

As a general rule, the testimony of a witness may be discredited by showing that he has previously made statements that are inconsistent with his present testimony.  Generally, the inconsistent statements are admitted into evidence solely for the purpose of shedding light on the witness' credibility. Therefore, should you find that a witness' prior statements are inconsistent with his testimony, you may consider the prior statements only in connection with your evaluation of the credence to be given to the witness' present testimony in court. That is, you may consider prior inconsistent statements only for the purpose of judging the witness' present testimony in court, and you are not to consider such prior statements for their truth or falsity or for how they bear on the merits of the case.

There is an exception to this general rule.  If you find that a prior inconsistent statement of a witness was given under oath, subject to the penalty of perjury, such as in a deposition, that prior statement may be considered by you, both for its own truth or falsity as well as in your evaluation of the witness' credibility.

11

## THE PLAINTIFF'S CLAIMS AND THE DEFENDANT'S DEFENSES

The plaintiff, William Hughes, alleges that the City of Stamford discriminated against him based on his race and retaliated against him for complaining about discrimination.  Mr. Hughes was employed by the City of Stamford's Fire Department from 1983 until his termination in November, 2002.  Hughes served for much of that time as a Deputy Fire Marshall.

The plaintiff Hughes claims that the defendant City of Stamford discriminated against him on the basis of his race when it filed disciplinary charges against him in May 2000.  The defendant City denies this claim.

The plaintiff Hughes also claims that the defendant City retaliated against him by terminating his employment after he filed a claim with the Connecticut Commission on Human Rights and Opportunities.  The defendant City also denies this claim.

## THE PLAINTIFF'S RACE DISCRIMINATION CLAIM

I will first discuss the plaintiff's race discrimination claim. As I said a moment ago, the plaintiff claims that the defendant City racially discriminated against him when it filed disciplinary charges against the plaintiff in May 2000. Plaintiff bases his lawsuit on Title VII of the Civil Rights Act of 1964. The Act provides, in pertinent part, that it shall be an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ."

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice. I will discuss the term "motivating factor" in more detail in just a moment.

You must find for plaintiff on his employment discrimination claim if both the following elements are proved by a preponderance of the evidence:

First, that defendant disciplined the plaintiff; and

Second, that plaintiff's race was a motivating factor in defendant's decision.

If either of these above elements has not been proved by a

13

preponderance of the evidence, you must decide in favor of the

defendant on the discrimination claim and you do not have to

consider that claim any further.

Adapted from 5 L. Sand et al., Modern Federal Jury Instructions,
Instruction 88-42 (2004); 3C O'Malley, et al., Federal Jury
Practice and Instructions § 170.20 (5th ed. 2001); see also
Feingold v. New York, 366 F.3d 138 (2d Cir. 2004).

14

**MOTIVATING FACTOR**

"Motivating factor" means that the evidence must show that, but for plaintiff's race, plaintiff would not have been disciplined. The phrase "motivating factor" does not mean that race was the only motivation for defendant's decision to discipline the plaintiff. However, it must have been a factor that actually led to the decision.

In showing that plaintiff's race was a motivating factor, plaintiff is not required to prove that plaintiff's race was the sole motivation or even the primary motivation for defendant's decision. Plaintiff need only prove that race played a significant part in the defendant's decision even though other factors may also have motivated the defendant.

Adapted from 3C O'Malley, et al., Federal Jury Practice and Instructions § 170.20 (5th ed. 2001); 5 L. Sand et al., Modern Federal Jury Instructions, Instruction 88-50 (2004).

## **LEGITIMATE, NON-DISCRIMINATORY REASON FOR EMPLOYMENT DECISION**

You must also consider any legitimate, nondiscriminatory reason or explanation stated by defendant for its decision.  If you determine that the defendant has stated such a reason, then you must decide in favor of defendant unless plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for defendant's discriminating against plaintiff because of plaintiff's race.

Adapted from 3C O'Malley, <u>et al.</u>, <u>Federal Jury Practice and Instructions</u> § 170.52 (5th ed. 2001); <u>see also</u> <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981); <u>McDonnel Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973).

**PRETEXT**

When you consider plaintiff's evidence of pretext, remember that the relevant question is whether defendant's stated reason for disciplining the plaintiff was not the real reason for defendant's actions.  You are not to consider whether defendant's reason showed poor or erroneous judgment.  You are not to consider defendant's wisdom.  However, you may consider whether defendant's reason is merely a cover-up for discrimination.

You may consider whether defendant's reasons are consistent with defendant's own policies and rules and whether defendant has applied these policies and rules uniformly.  You should also carefully evaluate any subjective reasons defendant has asserted for its actions.

Plaintiff has the burden to persuade you by a preponderance of the evidence that defendant took action against plaintiff because of plaintiff's race.  If you do not believe defendant's explanations, you may, but are not required to, infer that the plaintiff has satisfied his burden of proof that defendant intentionally discriminated against plaintiff because of plaintiff's race.

Adapted from 3C O'Malley, <u>et al.</u>, <u>Federal Jury Practice and Instructions</u> § 170.22 (5th ed. 2001); <u>see also Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133 (2000).

## MIXED MOTIVE

If you find that plaintiff's race was a motivating factor in
the defendant's treatment of the plaintiff, the plaintiff is
entitled to a verdict in his favor, even if you find that the
defendant's conduct was also motivated by a lawful reason.
However, if you find that the defendant's treatment of the
plaintiff was motivated by both race and lawful reasons, you must
consider whether the defendant would have taken the same actions
irrespective of the discriminatory reason.  If you find both
illegal discrimination and legitimate non-discriminatory reasons
were present in the defendant's decision making process, then the
defendant, not the plaintiff, bears the burden of proof on this
issue.  In other words, if you find that the defendant had a
mixed motive in its treatment of the plaintiff, then the
defendant must prove by a preponderance of the evidence that it
would have made the same decision regardless of the plaintiff's
race.

Adapted from 5 L. Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>,
Instruction 88-43 (2004).

## ELEMENTS OF PLAINTIFF'S RETALIATION CLAIM

Plaintiff Hughes also claims that defendant City of Stamford retaliated against plaintiff Hughes because plaintiff Hughes opposed a practice made unlawful by Title VII of the Civil Rights Act of 1964.

In order to prevail on this claim, Plaintiff must prove the following by a preponderance of the evidence:

(1) First, plaintiff must prove that he engaged in conduct protected by Title VII of the Civil Rights Act of 1964 and the defendant City of Stamford was aware of that protected conduct. Here, the parties agree that filing a complaint with the CHRO complaining of discrimination is conduct protected by Title VII and that the City was aware of that protected conduct.  Thus, you need not consider this issue;

(2) Second, plaintiff must prove that he was subjected to an adverse employment action at the time, or after, the protected conduct took place.  The parties also agree that the plaintiff was subjected to an adverse employment action, that is, he was terminated, after he filed the CHRO complaint.  Therefore, you need not consider this issue either; and

(3) Third, the plaintiff must prove that the defendant City of Stamford took an adverse employment action against plaintiff Hughes because of the plaintiff's protected conduct.  It is here that the parties disagree.  The parties disagree that the defendant terminated the plaintiff <u>because</u> he filed the CHRO

19

complaint.

Adapted from 3C O'Malley, et al., Federal Jury Practice and Instructions § 171.25 (5th ed. 2001); see also Feingold v. New York, 366 F.3d 138 (2d Cir. 2004); McMenemy v. City of Rochester, 241 F.3d 279, 282-83 (2d Cir. 2001); Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995).

## ACTUAL OR COMPENSATORY DAMAGES

I will now instruct you on how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting a view on my part as to which party is entitled to your verdict in this case, or that you should award any damages at all. Those decisions are entirely for you to make. I am giving you these instructions for guidance only, in the event you find in favor of the plaintiff on his claims against the defendant.

If you find that defendant discriminated against the plaintiff based on plaintiff's race, or retaliated against the plaintiff for complaining about discrimination, then you must determine an amount that you find by a preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained as a direct result of defendant's decision to discharge the plaintiff. The damages that you award must be fair compensation – no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

You may also award as actual damages an amount that reasonably compensates plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff would have received had plaintiff not been discriminated against.  You must reduce any award by the amount of the expenses that plaintiff would have incurred in making those earnings.

In determining the amount of damages that you decide to award, if any, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation or guess work.  On the other hand, the law does not require that plaintiff prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Adapted from 5 L. Sand et al., Modern Federal Jury Instructions, Instruction 88-70 (2004); 3C O'Malley, et al., Federal Jury Practice and Instructions §§ 171.90-171.91 (5th ed. 2001).

22

**NOMINAL DAMAGES**

If you find in favor of the plaintiff in accordance with these instructions, but you find that plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

Adapted from 5 L. Sand et al., Modern Federal Jury Instructions, Instruction 88-71 (2004); 3C O'Malley, et al., Federal Jury Practice and Instructions § 171.93 (5th ed. 2001).

23

## DOUBLE RECOVERY

I have said that, if you return a verdict for the plaintiff, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of the defendants. If you find that the defendants caused the plaintiff's injury, you must remember, in calculating the damages, that the plaintiff is entitled to be compensated only once for injuries he actually suffered.

**NOTE TAKING**

You were permitted to take notes during the course of the trial.  If you took any notes, those notes should only be used as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own independent recollection of the proceedings and should not be influenced by the notes of other jurors.  I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

**CONCLUSION**

You are about to go into the jury room to begin your deliberations. Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

You will have exhibits with you in the jury room. If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want, so be as specific as possible in your request. Your requests for testimony and, in fact, any communication with the court should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must caution you that in your communications with the court you should never specify your numerical division at any time. Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

26

In the course of your deliberations, do not hesitate to re-examine your individual view, or to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous.  However, you should not surrender your honest convictions as to the facts as you find them or as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisan, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in the case.

A verdict form has been prepared for your convenience.  When you have reached unanimous agreement as to your verdict, you will have your foreperson complete, sign and date the verdict form.  Then inform the marshal that you have reached a verdict.

It is proper to add a final caution.

Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.

Ladies and gentlemen, you are now excused from the courtroom and may retire to the jury deliberation room and begin your deliberations.